FILED
2019 Nov-13 PM 05:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS E. REYNOLDS, duly authorized and appointed Trustee of the Bankruptcy Estate of Forest Energies, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> CATERPILLAR, INC., et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action Number <br> ) **2:18-mc-01655-AKK** <br> ) and <br> ) **2:18-mc-01707-AKK** <br> ) <br> ) <br> ) |

## **MEMORANDUM OPINION AND ORDER**

The court has for consideration Thompson Tractor Co., Inc.'s Motion to Dismiss or, Alternatively, for Withdrawal or Abstention, doc. 1 in 2:18-mc-01655-AKK, and Caterpillar, Inc.'s Motion to Withdraw the Bankruptcy Court Reference, doc. 1 in 2:18-mc-01707-AKK, which Thomas E. Reynolds, the Trustee of the bankruptcy estate of Forest Energies, LLC, opposes, docs. 6 in 2:18-mc-01655-AKK; 3 in 2:18-mc-01707-AKK. The motions arise out of an adversary proceeding the Trustee filed against Caterpillar and Thompson Tractor, alleging breach of warranty related to certain equipment manufactured by Caterpillar that Forest Energies purchased from Thompson Tractor. Docs. 1 in 2:18-mc-01655-AKK; 1-1 in 2:18-mc-01655-AKK; 1-19 in 2:18-mc-01707-AKK. After careful

consideration of the parties' briefs and the relevant law, and for the reasons discussed below, the court finds that the motions are due to be denied.

District courts have "original and exclusive jurisdiction of all cases under title 11" of the Bankruptcy Code and "original but not exclusive jurisdiction of all civil proceedings . . . arising in or related to cases under title 11." 28 U.S.C. §§ 1334(a)-(b). However, district courts may refer "any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the Bankruptcy Court. *Id.* at § 157(a). Pursuant to that authority, this court entered a general order referring all such cases and proceedings to the bankruptcy judges for this district. *See* July 16, 1984 Order, available at https://www.alnd.uscourts.gov/general-orders-reference-bankruptcy-court; *Bank United v. Manley*, 273 B.R. 229, 234 n.10 (N.D. Ala. 2001). The district court's reference to the bankruptcy court is not absolute, however, and, relevant here, "[t]he district court may withdraw, in whole or in part, any case or proceedings referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

Turning now to Thompson Tractor's and Caterpillar's contentions, Thompson Tractor first argues that the bankruptcy court does not have subject matter jurisdiction over the claims asserted in the adversary proceeding because they do not arise under Title 11 or arise in a case under Title 11. Doc. 1 in 2:18-mc-01655-AKK at 3-4. But, the bankruptcy court has jurisdiction over

2

proceedings related to cases under Title 11. *See* 28 U.S.C. § 1334(b). And, "'[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.'" *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir. 1990) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)). In other words, a civil proceeding is related to bankruptcy if "'the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy.'" *Id.* Here, the claims asserted in the adversary proceeding arose prior to Forest Energies' bankruptcy petition, and they are the property of the Chapter 7 bankruptcy estate. *See* doc. 1-1 in 2:18-mc-01655-AKK at 1-4. Therefore, the outcome of the proceeding will affect the administration of the bankruptcy estate by potentially impacting the amount available for distribution to creditors. Consequently, this court and the bankruptcy court have jurisdiction over the claims asserted in the adversary proceeding.

Next, Thompson Tractor and Caterpillar assert that the court should withdraw the reference because the adversary proceeding is not a core proceeding. Docs. 1 in 2:18-mc-01655-AKK at 4; 1-19 in 2:18-mc-01707-AKK. While the nature of the claims is relevant to the decision whether to withdraw the reference to the bankruptcy court, the "mere fact a bankruptcy proceeding is not a core

3

proceeding is not a sufficient reason to grant a motion for the withdrawal of the reference." *Birgans*, 2012 WL 600339 at *3 (quotation and alteration in original omitted). *See also H&W Motor Express Co.*, 343 B.R. 208, 215 (N.D. Iowa 2006). Accordingly, even assuming the adversary proceeding is not a core proceeding, that is not adequate cause to warrant withdrawal of the reference to the bankruptcy court.[1]

Caterpillar also argues that withdrawal of the reference is warranted in light of Thompson's jury demand. Doc. 1-19 in Case No. 2:18-mc-01707-AKK. This contention is unavailing. "Federal courts have universally held that 'a Seventh Amendment jury trial right does not mean the bankruptcy court must [] give up jurisdiction and that the case must be transferred to the district court.'" *In re Tate*, 2019 WL 320488, at *9 (quoting *In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007)). Thus, while the nature of the proceeding and Thompson's jury

---

[1] As the parties seeking withdrawal of the reference, Thompson Tractor and Caterpillar bear the burden of demonstrating adequate cause for withdrawal. *In re Tate*, 2010 WL 320488, at *8 (S.D. Ala. Jan. 19, 2010) (citing *In re Peanut Corp. of America*, 407 B.R. 862, 864 (W.D. Va. 2009); *In re Morrison*, 409 B.R. 384, 386 (S.D. Tex. 2009). Cause, which is not defined in the statute, "is not an empty requirement," *In re Simmons*, 200 F.3d 738, 741 (11th Cir. 2000) (citing *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 536 (11th Cir. 1991)), and a debtor "has a right to the continued benefit of bankruptcy jurisdiction absent a showing of cause for withdrawal," *In re Parklane*, 927 F.2d at 536. To determine whether cause exists, courts in this Circuit "consider such goals as advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process." *In re Simmons*, 200 F.3d at 742 (quoting *In re Parklane*, 927 F.2d at 536 n.5). "Additional factors that may be considered include: (1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4) prevention of delay." *Birgans*, (quoting *In re Price*, 2007 WL 2332536, at *2 (M.D. Ala. Aug. 13, 2007)).

demand weigh in favor of withdrawing the reference to the bankruptcy court, they are not sufficient by themselves to warrant withdrawal.[2]

Caterpillar further contends that withdrawal of the reference is appropriate in this case because it will not detract from uniformity in administration of the bankruptcy estate and is not motivated by forum shopping considerations. Doc. 1-19 in Case No. 2:18-mc-01707-AKK at 6. But, Caterpillar has not cited anything to support its conclusory allegation regarding forum shopping. Therefore, the court does not weigh that factor in deciding whether to withdraw the reference to the bankruptcy court. And, because the claims asserted in the adversary proceeding arose prior to Forest Energies' bankruptcy petition, they are the property of the Chapter 7 bankruptcy estate. *See* doc. 1-1 in Case No. 2:18-mc-01707-AKK at 1-4. Therefore, resolution of the claims will affect the administration of the bankruptcy estate, and the nexus between the adversary proceeding and administration of the bankruptcy estate weighs in favor of declining to withdraw the reference.

---

[2] Caterpillar also argues that withdrawal of the reference with promote judicial economy and efficiency because, in light of Thompson's jury demand and indication that it will not consent to the bankruptcy court's entry of a final order in the adversary proceeding, this court will ultimately have to decide any dispositive motions and preside over a potential jury trial. Doc. 1-19 in Case No. 2:18-mc-01707-AKK at 6-7. And, Caterpillar contends that having the adversary proceeding heard in one forum from start to finish would benefit the parties and the court. Doc. 4 in Case No. 2:18-mc-01707-AKK at 3. While these arguments are well taken, they are, in essence, an alternate way to present the non-core proceeding and jury demand contentions.

Finally, Thompson Tractor contends that the court should exercise its discretion to abstain from hearing this adversary proceeding because it involves only questions of state law, it is feasible to sever the claims from the bankruptcy proceeding, and the defendants are non-debtor parties. Doc. 1 in 2:18-mc-01655-AKK at 4. "[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress," *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996), and Thompson Tractor has not shown the existence of any "exceptional circumstances" that could make abstention appropriate in this case, *see Morgan v. Melissa Land Taylor Mgmt. Trust (In re Land)*, 2013 WL 414448, at *7 (Bankr. N.D. Ala. Jan 30, 2013)). In any event, because the court declined to withdraw the reference to the bankruptcy court, the decision whether to abstain from hearing the adversary proceeding should be made by the bankruptcy judge in the first instance. Thompson Tractor is free to raise this issue with Judge Mitchell.

Based on the foregoing, Thompson Tractor's and Caterpillar's motions, docs. 1 in Case No. 2:18-mc-01655-AKK and 1 in 2:18-mc-01707-AKK, are **DENIED**. The Clerk is **DIRECTED** to close these files.

**DONE** the 13th day of November, 2019.

                                            **ABDUL K. KALLON**
                                      UNITED STATES DISTRICT JUDGE